Attorneys—W. J. Corrigan, for Jackson; Squire, Sanders & Dempsey, for Railway Co., all of Cleveland.

---

No. 73

SCHINDLER v. CLEVE. RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5319. Decided Nov. 24, 1924

829 NEGLIGENCE—Proof of accident occurring by motorman's compliance with city ordinance rebuts charge of—

Presumption of, may be negatived by admitted circumstances.

VICKERY, P. J.

Epitomized Opinion

Published only in Ohio Law Abstract

Mary Schindler instituted suit in the Cuyahoga Common Pleas against the Cleveland Railway Co., seeking to recover damages for an injury which occured to her as she was riding in one of the cars of the Railway Co. It seems that a motor car traveling in the same direction as the street car, in trying to avoid some ice and snow near the curb, skidded into the side of the trailer of the car. The motorman, hearing the crash of broken glass, stopped his car so suddenly as to precipitate Mrs. Schindler to the floor of the car by reason of which she complains of the injury. Common Pleas directed a verdict for the defendants.

The Railway Company maintains that they are in no way negligent in this case. They introduce a city ordinance; the substance of which is that on appearance of any danger as above outlined, the car shall be stopped in the shortest time and space possible. Upon coming into contact with the motor car, it became the duty of the motorman to make an emer-

gency stop so to bring the car to a stop in the quickest way possible.

In affirming the decision of the lower court, the Court of Appeals said:

1. The presumption which may be raised from the facts of the collision itself is negatived by admitted circumstances. Railway Co. v. Osborn, 66 OS. 45.

2. Had the Railway Co. not stopped in compliance with the city ordinance, they would have been liable for negligence to anybody injured; it is impossible for them to be guilty of negligence because they did comply with the ordinance.

Attorneys—Anderson, Lamb & Jenkins, Edward Davidson, Youngstown, for Schindler; Sanders & Dempsey, Cleveland, for Railway Co.

---

No. 74

LANGSHAW et al v. STONE et al.

Ohio Appeals 8th Dist. Cuyahoga County

No. 5057. Decided June 2, 1924.

Middleton J., Mauck and Sayre J. J. 4th Dist. Sitting.

1271 WILLS—Difference of opinion between court and jury does not warrant the setting aside of verdict by former.

Motion to certify overruled by Supreme Court 2 Abs. 706.

PER CURIAM

Epitomized Opinion

Published only in Ohio Law Abstract

In this action, a jury in the Common Pleas Court, brought a verdict to the effect that a certain writing purporting to be the last will and testament of Stephen Langshaw was not his valid last will and testament. To reverse judgment in that court are these proceedings brought. The apparent lack of detail is the outstanding feature of this case, particularly as to the testators alleged mental condition and as to his domestic relations. However, the jury in the lower court heard positive and unqualified statements to the effect that the testator was lacking in mental capacity, other evidence also tended to show that writing in question was executed under influences seriously affecting the free agency of the testator.

In affirming the lower court, the court of Appeals says "We are not convinced however that on the whole evidence the verdict was right. But as said by Thurman J., this is not enough:—A mere difference of opinion between the court and jury does not warrant the former in setting aside the finding of the latter. French v. Millard, 2 OS. 52.

Attorneys—Spear, Godfrey and Spear for Langshaw, C. A. Hyde and R. J. Selzer for Stone; all of Cleveland.